

JS-4

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK, NA, Successor Trustee to Bank of America, NA, Successor in interest to LaSalle Bank NA, as Trustee, on behalf of The Holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-OA3,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ABADI, et al.,<br><br>Defendants. | Case No. CV 18-05898-PSG (RAOx)<br><br>**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |

## I.

## FACTUAL BACKGROUND

Plaintiff U.S. Bank, NA ("Plaintiff") filed an unlawful detainer action in Ventura County Superior Court against Defendants David Abadi, Ofra Abadi, Nestor Guevara, Maria Guevara, and Does 1 to 6 ("Defendants"), on or about October 11, 2017. Notice of Removal ("Removal") and Attached Complaint ("Compl."), Dkt. No. 1. Defendants are allegedly occupants of real property located in Bell Canyon, California ("the property"). Compl. ¶¶ 1, 5. Plaintiff is the owner of the property. *Id.* ¶ 5. Plaintiff filed the unlawful detainer action

requesting restitution of the property and damages for the reasonable rental value of the use and occupancy of the property. *Id.* at 3.

Defendant Ramon Valadez filed a Notice of Removal on July 6, 2018, invoking the Court's federal question jurisdiction and diversity jurisdiction. Removal at 2-9. Defendant Valadez also filed a Request to Proceed *In Forma Pauperis*. Dkt. No. 3.

## II.
## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant Valadez asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Removal at 1-2. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28

U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331. Section 1446 provides the procedure for removal of civil actions. *See id.* § 1446.

Here, the Court's review of the Notice of Removal and attached Complaint makes clear that this Court does not have federal question jurisdiction over the instant matter under 28 U.S.C. § 1331. First, there is no federal question apparent from the face of the Complaint, which appears to allege only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Additionally, to the extent Defendant Valadez attempts to base federal question jurisdiction on a defense related to Washington Mutual's bankruptcy proceedings, *see* Removal at 8-9, a defense cannot provide a basis for federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). Thus, to the extent Defendant Valadez's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the Court lacks jurisdiction under 28

U.S.C. § 1331.

///

Second, there is no merit to Defendant Valadez's contention that diversity jurisdiction exists. *See* Removal at 2. Section 1332(a) provides, in relevant part, that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Defendant Valadez claims that the amount in controversy exceeds $1,359,000.00. *See* Removal at 2. The state court documents, however, provide that the amount demanded does not exceed $10,000. Compl. at 1. Where the amount of damages is unclear, the defendant bears the burden of "actually proving" that the amount in controversy exceeds $75,000. *Gaus*, 980 F.2d at 566-67. Defendant Valadez has offered no facts to support his statement that the amount in controversy exceeds $1,359,000.00.

Finally, Defendant Valadez's removal appears to be untimely. A notice of removal must be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446. Here, Defendant Valadez contends that he has not been properly served. Removal at 2. However, Defendant Valadez provides that he filed an answer on or about November 3, 2017. *See* Removal at 6 & Ex. J. Even assuming Defendant Valadez was not served until the day he filed his answer, the notice of removal was filed over eight months after the date of filing of the answer. The notice of removal was thus untimely by over seven months.[1]

---

[1] The Court notes that Defendant Valadez previously attempted to remove this case to federal court on similar grounds, but the case was remanded. *See* Case No. 2:18-cv-4859-MWF-Ex (C.D. Cal., filed June 1, 2018). Additionally, Defendant Nestor Guevara has twice attempted to remove the case to federal court, but in both instances, the case was remanded to state court. *See* Case No. 2:17-cv-9106-DMG-AGRx (C.D. Cal., filed December 20, 2017); Case No. 2:18-cv-1303-PSG-JEMx (C.D. Cal., filed

4

///

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Ventura, forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed *In Forma Pauperis* is DENIED as moot.

IT IS SO ORDERED.

DATED: 7/12/18

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

February 16, 2018).